# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BALRAJ SINGH BOPARI,

      Petitioner,

v.                                                                                      Case No. 2:26-cv-01489 KWR-KRS

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a noncitizen who has been detained since he was apprehended at the border. At the time of his detention at the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Petitioner nevertheless asserts that his detention without a bond hearing violates the INA or due process. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

## BACKGROUND

Petitioner is a citizen of India in ICE detention at the Otero County Processing Center in New Mexico. Petitioner along with several other individuals crossed the border at approximately 10:00 p.m on October 2, 2025 near the Fort Hancock, Texas port of entry, by wading across the Rio Grande. Doc. 7-2 at 2. Border Patrol agents observed them enter several vehicles, and the agents pursued the vehicles. *Id.* at 3. Petitioner was arrested by the Border Patrol agents approximately an hour or two after he crossed the border. *Id.* at 4 (noting that vehicle was found at 11:01 p.m.); Doc. 7-2 at 1 (noting apprehension at 11:33 p.m.). He has remained in detention since then.

On October 6, 2025 Petitioner was convicted of improper entry by an alien in violation of 8 U.S.C. § 1325(a)(1). Doc. 7-3 at 1.  He received a sentence of "Time Served + (1) One Business Day." *Id.*

On January 28, 2026, a bond hearing was held by an immigration judge.  However, the immigration judge denied bond, reasoning that he was mandatorily detained.  Doc. 7-4 at 1.

Petitioner asserts that his detention without a bond hearing violates the INA and due process.  Doc. 2 at 11-13.  Each of his claims only expressly challenge his lack of a bond hearing.

## DISCUSSION

*First*, Petitioner challenges his detention without a bond hearing. It is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b).  Petitioner was detained while arriving at the border or seeking admission into the United States. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and

beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained at or near the border.  As explained above, he unlawfully crossed the border.  Border Patrol agents observed his illegal crossing and pursued him, and he was apprehended within approximately an hour or two of crossing the border. He has been detained since his arrest and he was not released into the United States. Because he was arrested at the border, he is either an arriving alien under § 1225(b)(1), or he was seeking admission into the United States under § 1225(b)(2)(A). Petitioner's Reply does not argue that the Tenth Circuit's opinion *Santillan Quiroz,* which concerned a noncitizen who lived in the United States for twenty years, applies here.  *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Therefore, Petitioner is mandatorily detained under § 1225(b).

*Second,* Petitioner fails to adequately assert in his Petition that his prolonged detention violates due process.  In his Petition, Petitioner summarily asserted in his Petition that his detention violates *Zadvydas* and 8 U.S.C. § 1231(a)(6). Pet. ¶¶ 51-52.  But neither *Zadvydas* nor § 1231(a)(6) apply here, because a final order of removal has not been entered.  He also summarily asserts that his detention "serves no legitimate government purpose and lacks sufficient procedural protections in violation of the Due Process Clause." Pet. ¶ 51. He also asserts that "Petitioner's detention violates both substantive and procedural due process." Pet. ¶ 52. Finally, under Count Four, his due process claim only expressly addresses his lack of a bond hearing. *See* Pet. ¶ 71.

Petitioner did not adequately assert a procedural or substantive due process claim for prolonged detention.  He provided no relevant argument or legal authority.  For example, as to his procedural due process claim, should the Court apply the *Mathews* factors, and if so, how do the

3

*Mathews* factors apply here to warrant the release of a person mandatorily detained under § 1225(b)? He also does not analyze his substantive due process claim for prolonged detention. He does not cite to any authority or provide legal argument on the substantive due process claim. *See* Pet. ¶¶ 51, 52. For example, is his detention punitive or not rationally related to a legitimate governmental interest?  Rather, his Petition focuses almost entirely on his right to a bond hearing under § 1226(a).

To be sure, he argues a bit more in his Reply that his prolonged detention violates *Zadvydas*. But a party may not assert a claim for the first time in their Reply. *Geringer v. Strong*, 766 F. App'x 620, 625 (10th Cir. 2019); *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (the general rule in this circuit "is that a party waives issues and arguments raised for the first time in a reply brief.").  Moreover, the same deficiencies identified in the Petition apply to the Reply.

Considering the burden of proof as well as principles of party presentation, the Court declines to adjudicate a procedural or substantive due process claim *sua sponte* without briefing by the parties.  Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the

4

petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or do research on his behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not adequately asserted in his Petition a procedural or substantive due process claim for prolonged detention under § 1225(b).

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE